EVERETT L. WELLS *vs.* JOSLIN MANUFACTURING COMPANY.

MARCH 11, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Master and Servant.  Elevators.*

Where an employee uses in the course of his employment a platform freight elevator adapted to the reception and discharge of freight on either of its sides when and as the same reach the level of any floor of the main building or of the addition thereto, in its progress up and down, through the openings in the floors, the fact that its sides were open and unobstructed must have been apparent, as well as that the floors of the main building were not on a level with those of the addition, and he is presumed to have been informed of all conditions that he could have ascertained by the ordinary exercise of his senses.

(2)  *Negligence.  Pleading.  Violation of Statutory Duty.*

While proof can be offered of the violation of a statutory duty without an averment of such violation in the declaration, yet better practice is to declare upon such violation when it is to be relied upon.

(3)  *Negligence.  Elevators.*

In a declaration based upon an accident which occurred while a freight elevator was at rest, statutes relating to elevators in motion as well as statutes relating to passenger elevators have no application.

(4)  *Negligence.  Elevators.  Protection to Life from Fire.*

Gen. Laws, 1909, cap. 129, § 16, relative to the protection of elevator openings in floors, has for its purpose the protection of persons using the floors so that they may not fall into the openings, and not that of saving persons from falling out of the openings onto the floors.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiff, and overruled.

DUBOIS, C. J.  This is an action of trespass on the case for negligence brought in the Superior Court wherein the defendant's demurrer to each count of the plaintiff's second amended declaration was sustained and the case was brought to this court upon the plaintiff's bill of exceptions to the said ruling of the Superior Court.  Said declaration contains four counts and sets forth in each count that the plaintiff on January 5th, 1909, was in the employ of the defendant in its business by it carried on at Rockland, in the town of Scituate and State of Rhode Island, and in the course of his employment made use of a certain elevator used in the business of the defendant for the purpose of carrying its employees and property from one floor to another in its manufactory, which elevator passed through openings in the floors of the building and an addition thereto, the floors of said structures being on different levels, and that there was no protection at the back of said elevator, which was of the platform type, and when the front of said elevator was stopped at the floor of the addition, it left the back of the elevator at the building unprotected and that the defendant not knowing of the unprotected condition at the back part of the elevator, moved to one side to allow another employee who was on said elevator, to step around the back of the same, and he fell off and was injured.

The first count sets forth the duty of the defendant to protect the end of the elevator opposite to the part resting against the floor at which it was stopped, with a suitable gate, guard, wall or other device, and that it neglected so to do.

In the second count the plaintiff alleges that the duty of the defendant was to notify and inform him that the end of the elevator opposite to the part resting against the floor at which it was stopped, was not protected with a suitable gate, guard, wall or other device and avers failure to give such notice.

The third count charges that it was the duty of the defendant to furnish a safe and properly protected elevator to carry its employees and property from one floor to another and alleges the failure of the defendant so to do.

The fourth count alleges the duty of said defendant to furnish safe and suitable appliances to carry its employees from one floor to another and alleges that said defendant neglected so to do.

In each of the counts the plaintiff alleges his ignorance of these conditions and the exercise of due care on his part.

The substance of the demurrer is as follows: (1) It does not appear that defendant was guilty of any negligence. (2) The fact that the floors of said building and addition were not on a level with each other was perfectly obvious to the plaintiff. (3) The fact that the rear end of the elevator when it was stopped was entirely unprotected either by gate, guard, wall or other device in the back of the same, was perfectly obvious to the plaintiff. (4) The plaintiff assumed the risk. (5) Defendant was not guilty of negligence in not having the rear end of its elevator protected by gate, guard, wall or other device. (6) The plaintiff was guilty of contributory negligence. (7) That it was not the duty of the defendant to inform the plaintiff that the end of the elevator opposite the part resting against the floor at which it was stopped, was unprotected by any gate, guard, wall or other device and of the danger of stepping over the edge thereof.

(1) From the above description of the elevator we infer that it was a platform freight elevator adapted to the reception and discharge of freight on either of its sides when and as the same reached the level of any floor of the main building or of any floor of the addition thereto in its progress up or down, through the openings in the floors of said structures made for that purpose. There is nothing in the description of the elevator to warrant the inference that there was anything complicated about its construction or that it was any more than a movable platform that could be raised or

lowered as occasion should require. Whether this was accomplished by means of a cable attached to its top, or of a plunger connected underneath it, or what its mechanism and motive power was does not appear. The simpler the construction the more easily it could be understood, by a person of full age and ordinary intelligence even in the casual inspection usually bestowed upon such vehicles by any one about to trust himself upon the same. The fact that its sides were open and unobstructed would be perfectly apparent unless the same were concealed or obscured in some manner, and there is no allegation to that effect. There would be no need of informing any person of full age and in the full possession of his faculties of anything that he could discover for himself by the exercise of his faculties in an ordinarily prudent manner. He is presumed to have been informed of all the conditions and circumstances existing at the time that he could have ascertained by the ordinary exercise of his senses. It is not alleged that this was his first trip on the elevator. He does not state how long he had been employed in the factory or how many times he had occasion to use the elevator. Why he did not know that the floors of the main building were not on the same level as the floors of its annex or addition does not appear. It would seem as though ordinary observation should have disclosed the existence of such a condition.

(2)    The plaintiff also claims that "In a declaration charging negligence in the improper management or equipment of an elevator, but not containing any charge of a violation of the statute relating to elevators if the jury find on the trial of the case that a non-compliance with this statute was the conducing cause of the accident, this of itself would be sufficient evidence of negligence, and it is for the jury to determine the weight thereof," and cites the following cases in support of the above doctrine: *Bullock* v. *Butler Exchange Co.*, 24 R. I. 50; *Weeks* v. *Fletcher*, 29 R. I. 112.

It is to be observed that the declaration in the case of *Weeks* v. *Fletcher, supra*, does contain averments alleging

violations of statutory requirements and therefore is hardly a case in point. In the case of *Bullock* v. *Butler Exchange Co., supra,* at page 57, the following charge of the judge presiding at the trial was approved: "I charge you gentlemen, that the plaintiff had the right to assume that the provisions of the law have been complied with and that that car could not start up or down so long as the doors remain open. If you find that the statute was not complied with, and that that was the conducing cause of this accident, that of itself would be some negligence, sufficient negligence, perhaps, and it is for you to determine the weight which you will attach to that and all parts of the evidence." It is true that all persons are presumed to know the law and are expected to obey the same and that proof could be offered of the violation of a statutory duty without an averment of such violation in the declaration. But the better practice is to declare upon such a violation when the same is to be relied upon in the trial of the case. For such pleading tends to simplify the issue and to direct the attention of the parties to a salient feature of the case. According to the declaration the accident occurred while the elevator was at rest and therefore it becomes unnecessary to consider statutes that have relation to elevators in motion. Neither is it necessary to consider statutes governing passenger elevators. Gen. Laws, 1909, cap. 129, § 16, is the only statute whose violation the plaintiff can claim to be a conducing cause of the accident, and therefore evidence of negligence. Negligence consists in the violation of a duty owed by one person to another, whether the duty arises out of certain relations of the parties, or is created by statute under the police power of the State. The provisions of the section pertinent to this inquiry read as follows: "All hoistway and elevator openings through floors where there is no shaft shall be protected by sufficient railings, gates, trap-doors, or other mechanical devices equivalent thereto, and the same shall be kept closed in the night time or when not in use." The title of the chapter of which the foregoing section forms a

part, is "Of protection to life from fire in certain buildings," and the purpose of that portion of the section above quoted is to protect the openings through floors where there is no shaft, so that persons having occasion to use the floors may not fall into the openings either in the night time or when the openings are not in use. The object is not to save persons from falling out of the openings on to the floor of the building, but exactly the reverse. The statute does not contemplate persons on a freight elevator with reference to the danger of their falling therefrom through the hoistway opening. So far as now appears the statute has no applicability to the case under consideration.

For the reasons aforesaid we are of the opinion that the justice of the Superior Court did not err in sustaining the defendant's demurrer to the plaintiff's declaration. The plaintiff's exceptions are, therefore, overruled, and the case is remitted to the Superior Court for further proceedings.

*J. Jerome Hahn*, for plaintiff.

*Lewis A. Waterman, Ernest P. B. Atwood*, for defendant.